UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>   vs.<br><br>MAKSIM STEFANYUK,<br><br>             Defendant. | 4:17-CR-40042-KES<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Maksim Stefanyuk, through counsel, filed a motion under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 requesting a reduction to his sentence pursuant to Part A of Amendment 821 to the United States Sentencing Guidelines. Docket 121. Plaintiff, the United States of America, opposes Stefanyuk's motion. Docket 128. For the following reasons, Stefanyuk's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a § 3582(c) motion is well established. As the Supreme Court has made clear, § 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to

whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

"At step two . . . § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *See Dillon*, 560 U.S. at 827. Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "Once a district court determines that a defendant is eligible for a sentence reduction, it has 'substantial discretion' to choose whether to reduce the sentence." *United States v. Burnell*, 2 F.4th 790, 792 (8th Cir. 2021) (quoting *United States v. Hoskins*, 973 F.3d 918, 921 (8th Cir. 2020)). Subject to limitations set forth in § 1B1.10(b), a court may consider all pertinent

information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. *Dillon*, 560 U.S. at 821-22.

Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available. 18 U.S.C. § 3553(a)(1)-(3). The court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Additionally, "nothing prohibits the court from considering new facts that it had no opportunity to address the first time around." *United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018).

## I.    Eligibility for a Sentence Reduction

On May 9, 2017, Stefanyuk was indicted and charged with three counts of distribution and receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), and 2252A(b)(1), and one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Docket 1. On October 15, 2018,

following a jury trial, the court sentenced Stefanyuk to concurrent sentences of 262 months in custody on Counts 1-3, and 120 months in custody on Count 4. Docket 121 at 2; Docket 128 at 1; *see also* Docket 86. Stefanyuk's guideline range, based on a total offense level of 37 and a criminal history category of III, was 262 to 327 months in custody on Counts 1-3 and 120 months in custody on Count 4. Docket 82 ¶ 74; Docket 121 at 1; Docket 128 at 1. Stefanyuk's criminal history category of III was based on 5 criminal history points, which included 2 "status points" for committing the instant offense while under a criminal justice sentence. Docket 82 ¶ 45; Docket 121 at 1; Docket 128 at 1.

Stefanyuk, through his counsel, filed a motion to reduce his 262-month sentence on Counts 1-3, pursuant to Part A of Amendment 821. Docket 121 at 1. Amendment 821 modifies U.S.S.G. § 4A1.1(d) to eliminate the two criminal history "status points" previously applied for committing a federal offense while under a criminal justice sentence. U.S.S.G. § 4A1.1(e). Stefanyuk argues that pursuant to Amendment 821, his criminal history category lowers to a category II when the "status points" he was given are removed, thus changing his sentencing guideline range and making him eligible for a sentence reduction under this amendment. Docket 121 at 1-2, 4. He argues because his sentence was at the bottom of his previously applicable guideline range, his amended sentence should also be reduced to the bottom of his new guideline range, which is 235-293 months in custody. *Id.* at 4-5. Thus, Stefanyuk requests his sentence be reduced from 262 months to 235 months in custody on Counts 1-3. *Id.* at 1, 4.

The United States concedes that Stefanyuk is eligible for a sentence reduction under U.S.S.G. § 4A1.1(e). Docket 128 at 3-4. The United States also agrees that if the two "status points" are not applied, Stefanyuk is in criminal history category II, thus reducing his advisory guideline range on Counts 1-3 to 235-293 months. *Id.* But the United States contends that Stefanyuk should not have his sentence reduced because his conduct during the instant offense and his prior criminal history indicates that he is a danger to the community. *Id.* at 6-7.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Stefanyuk meets the criteria under amended U.S.S.G. § 4A1.1(e) for a reduction. With that reduction, he now receives 0 "status points" instead of 2, resulting in a total of 3 criminal history points. That decrease places him in Criminal History Category II, which, in conjunction with his total offense level of 37, reduces his advisory guideline range to 235-293 months on Counts 1-3. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

## II.    Sentencing Factors under 18 U.S.C. § 3553(a)

After considering the policy statement at U.S.S.G. § 1B1.10 and the
sentencing factors set forth at 18 U.S.C. § 3553(a), the court finds that a
sentence reduction is not warranted because the nature and circumstances of
Stefanyuk's offense, his criminal history, and the lack of sentence disparity in
his case weigh against a sentence reduction.

The court considers the nature of the offense and Stefanyuk's criminal
history; in doing so, the court finds that both factors weigh against a sentence
reduction. In Stefanyuk's case, law enforcement discovered an IP address
actively sharing child pornography, and pursuant to a search warrant, seized
computer towers, laptops, and flash drives from Stefanyuk's parent's residence,
where Stefanyuk was residing. Docket 82 ¶¶ 5, 9. A forensic examination of the
technology depicted over 100 images and videos of child pornography. *Id.* ¶ 10;
Docket 128 at 6. Detectives who were conducting this investigation determined
that these images and videos depicted the rape, sexual abuse, and sexual
exploitation of infants, toddlers, and young children. Docket 82 at ¶¶ 5-6. The
disturbing nature of these images and videos is explained in the PSR. *Id.* at
¶ 10. Moreover, Stefanyuk's criminal history includes a prior federal conviction
for possession of child pornography from 2014, where he was in possession of
nine videos and over 3,000 images of child pornography. *Id.* ¶¶ 7, 44; Docket
128 at 7. And Stefanyuk committed this crime while he was on federal
supervised release from that conviction. *Id.* ¶ 7.

Additionally, at his sentencing, the court found that Stefanyuk's current

offense was "more aggravated and egregious because [Stefanyuk] took deliberate steps to conceal the offense." Docket 87 at 5. For example, Stefanyuk used separate, unique locks to rooms and a video camera. *Id.* Stefanyuk also registered as a sex offender at one address but failed to notify his probation officer that he was living at another address. *Id.*; *see also* Docket 82 ¶¶ 8, 13-14. Thus, based on the nature and circumstances of the offense and Stefanyuk's similar prior criminal history, the court has serious doubts as to whether a sentence less than 262 months would sufficiently protect the public from further crimes by Stefanyuk.

Next, the court considers Stefanyuk's post-conviction behavior. He completed over 500 hours of educational courses while incarcerated, including a housekeeping apprenticeship, welding program, and an Evidence-Based Recidivism Reduction program. Docket 121 at 5; *see also* Docket 121-1. Stefanyuk has not had a disciplinary violation since September 2019. Docket 121 at 5; Docket 121-3. Also, Stefanyuk maintained employment for over two years in food service. Docket 121 at 5; Docket 121-2 at 1. While the court commends Stefanyuk for his positive conduct during his incarceration and encourages him to continue utilizing his remaining time incarcerated in a productive manner, the seriousness of his offense and his criminal history raise questions as to Stefanyuk's rehabilitation.

Lastly, the court considers the need to avoid unwarranted sentencing disparities among Stefanyuk and defendants with similar records, who have been found guilty of similar conduct. Stefanyuk was sentenced to 262 months

on Counts 1-3 of the instant offense. Docket 121 at 1; Docket 128 at 1; Docket 86. Stefanyuk argues that a sentence reduction is warranted to avoid sentencing disparities because similarly situated defendants who are sentenced after November of 2023 are sentenced to an average length of imprisonment of 193 months with a median length of imprisonment of 200 months. Docket 134 at 3-4. But even considering Stefanyuk's new guideline range under U.S.S.G. § 4A1.1(e), and his subsequent lowered Criminal History Category, Stefanyuk's initial sentence is still within his amended guideline range of 235-293 months. Thus, while the court recognizes that Stefanyuk's current sentence is higher than the median and average sentences for individuals with the same guideline range, *see id.* at 4, the court concludes that denying Stefanyuk's request for a sentence reduction would not result in a sentencing disparity.

Under § 3553(a)'s factors, the court must consider the need for the sentence imposed to "promote respect for the law," that the sentence must "reflect the seriousness of the offense," "provide just punishment for the offense," and "afford adequate deterrence to criminal conduct," as well as to protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2)(A)-(D). Consideration of these factors confirms that a sentence reduction is not warranted under the circumstances in Stefanyuk's case. The sentence initially imposed reflects the seriousness of his offense and protects the public from further criminal conduct, which is of particular concern due to Stefanyuk's history of a similar conviction. Based on the considerations outlined above, Stefanyuk's request for a sentence reduction is denied. Thus, it is

ORDERED that Stefanyuk's motion (Docket 121) is DENIED.

Dated March 2, 2026.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE